## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GUN OWNERS OF AMERICA, INC., | ) | |
| 8001 Forbes Place | ) | |
| Suite 202 | ) | |
| Springfield, VA  22151, and | ) | |
| | ) | |
| GUN OWNERS FOUNDATION | ) | |
| 8001 Forbes Place | ) | |
| Suite 202 | ) | |
| Springfield, VA  22151, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 22-3379 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION | ) | |
| J. Edgar Hoover Building | ) | |
| 935 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20535-0001 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Gun Owners of America, Inc. and Gun Owners Foundation (together "Plaintiffs") bring this action against Defendant the Federal Bureau of Investigation ("FBI" or "Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege the following:

### JURISDICTION AND VENUE

1.     The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

2

## PARTIES

3.      Plaintiff Gun Owners of America ("GOA") is a California non-stock corporation with its principal place of business in Springfield, Virginia.  GOA is organized and operated as a non-profit membership organization that is exempt from federal income taxes under Section 501(c)(4) of the U.S. Internal Revenue Code.  GOA seeks to promote social welfare through informing and educating the public on and conducting activities in defense of the Second Amendment and the right to keep and bear arms.

4.      Plaintiff Gun Owners Foundation ("GOF") is a Virginia non-stock corporation, with its principal place of business in Springfield, Virginia.  GOF is organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the U.S. Internal Revenue Code.  GOF is supported by gun owners across the country.

5.      Defendant FBI is a component of the Department of Justice, a department of the United States Government, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001.  Defendant is an agency within the meaning of 5 U.S.C. § 552(f).  Defendant has possession, custody, and control of records to which Plaintiffs seek access.

## STATEMENT OF FACTS

6.      On November 29, 2021, Plaintiffs submitted a FOIA request to Defendant, via the FBI eFOIPA portal.  *See* Exhibit A.

7.      Plaintiffs' FOIA sought the following records:

 (a)    All video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the Kenosha, Wisconsin riots beginning on August 23, 2020 and specifically including video captured, recorded or taken on August 25, 2020.

 (b)    All video or records of other surveillance (including but not limited to audio recordings, photographs, records showing interception of phone calls, text messages, internet traffic or other cellular data, or use of "stingrays") recorded or

otherwise taken by the FBI (or any of its employees or contractors) at or near the location of the 2020 Virginia Citizens Defense League ("VCDL") Lobby Day, which took place on January 20, 2020 at the Virginia State Capitol in Richmond, Virginia.

(c)     All video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the January 6, 2021 events at the United States Capitol.

8.      By letter dated December 9, 2021, Defendant responded that it had found no records with respect to part (b) of Plaintiffs' request (which Defendant assigned Request No. 1511579-000).

9.      By letter dated December 9, 2021, Defendant sent a letter denying part (a) of Plaintiffs' request, claiming the records were exempt pursuant to 5 U.S.C. § 552(b)(7)(A) (law enforcement records) (which Defendant assigned Request No. 1511573-000).  *See* Exhibit B.

10.     By letter dated June 28, 2022, Defendant responded that it had found no records with respect to part (c) of Plaintiffs' request (which Defendant assigned Request No. 1511605-000).

11.     By letter December 22, 2021, Plaintiffs timely appealed Defendant's denial of part (a) of their request.  *See* Exhibit C.

12.     By letter dated April 25, 2022, Defendant granted Plaintiffs' appeal, and remanded Plaintiffs' request to the FBI "for processing."  *See* Exhibit D.

13.     Rather than processing Plaintiffs' request, by letter dated July 20, 2022, Defendant denied Plaintiffs' request for a fee waiver with respect to part (a) of their request, claiming that it would produce the videos Plaintiffs requested, but only on "72 CDs at $15.00 each, less $5.00 credit for the first CD."  *See* Exhibit E.

14.     By letter dated August 1, 2022, Plaintiffs timely appealed Defendant's fee waiver denial.  *See* Exhibit F.

15.     Defendant did not respond to or rule on Plaintiffs' appeal of its fee waiver denial.

4

16.     Rather, by email dated October 18, 2022, Defendant announced that it had uncovered "17 hours and 47 minutes of video media potentially responsive" to Plaintiffs' request, and reported that the "current average time" to process these records "is approximately 79 months to complete" (nearly seven years).  Exhibit G.

17.     DOJ regulations state that "[a]dverse determinations … include denials involving fees or fee waiver matters…."  28 C.F.R. § 16.6(d).

18.     Plaintiffs timely appealed the FBI's adverse determination in the form of the fee waiver denial.

19.     Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiffs' request within twenty (20) working days of receipt and to notify Plaintiffs immediately of its determination, the reasons therefore, and the right to appeal any adverse determination.

20.     To date, no determination has been received from the FBI about the status of Plaintiffs' appeal of Defendant's fee waiver denial, in violation of 5 U.S.C. § 552(a)(6)(A)(ii) which mandates a determination by the agency within twenty (20) business days of the appeal. Because the FBI failed to respond timely to Plaintiffs' appeal, or otherwise to process and produce records, Plaintiffs' administrative remedies are deemed exhausted.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

21.     As of the date of this Complaint, the Defendant has failed to: (i) to fully respond to Plaintiffs' FOIA request; (ii) to make a determination regarding Plaintiffs' appeal within 20 business days; (iii) to produce documents in response to Plaintiffs' request within 20 business days; and (iv) produce all the requested records or otherwise demonstrate that the requested records are exempt from production.

22.     Plaintiffs are nonprofit organizations seeking information with which to inform and educate the public about the workings of government.  Release of the records requested is in the public interest.

### CAUSE OF ACTION
### (Violation of FOIA, 5 U.S.C. § 552)

23.     Plaintiffs reallege the above paragraphs as though fully set forth herein.

24.     Defendant has failed to process and make a determination regarding Plaintiffs' November 29, 2021 FOIA request within the statutory time limit, and is unlawfully withholding records requested by Plaintiffs pursuant to 5 U.S.C. § 552.

25.     Plaintiffs are being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant all appropriate relief for the violations of FOIA alleged above, including:

a. An order and judgment requiring the Defendant to conduct a search for any and all records responsive to Plaintiffs' FOIA request, and to demonstrate that it employed search methods reasonably likely to lead to the discovery of all records responsive to Plaintiffs' request;

b. An order and judgment requiring the Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

c.   An order and judgment permanently enjoining Defendant from continuing to

withhold any and all non-exempt records in this case that are responsive to

Plaintiffs' FOIA request;

d.   Attorneys' fees and costs to Plaintiffs pursuant to any applicable statute or

authority, including 5 U.S.C. § 552(a)(4)(E); and

e.   Any other relief that this Court in its discretion deems just and proper.


        */s/ Jeremiah L. Morgan*
Jeremiah L. Morgan
(D.C. Bar No. 1012943)
Robert J. Olson
(D.C. Bar No. 1029318 )
William J. Olson
(D.C. Bar No. 233833)
William J. Olson, P.C.
370 Maple Avenue West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (telephone)
703-356-5085 (fax)
jmorgan@lawandfreedom.com

*Counsel for Plaintiffs*
GUN OWNERS OF AMERICA, INC. and
GUN OWNERS FOUNDATION

Dated:  November 3, 2022