# Exhibit A

WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW

370 MAPLE AVENUE WEST, SUITE 4

VIENNA, VIRGINIA 22180-5615

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

WILLIAM J. OLSON
(VA, D.C.)

HERBERT W. TITUS
(VA OF COUNSEL)

JEREMIAH L. MORGAN
(D.C., CA ONLY)

ROBERT J. OLSON
(VA, D.C.)

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

November 29, 2021
via FBI eFOIPA portal

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843

Re:   FREEDOM OF INFORMATION ACT (FOIA) REQUEST
      of Gun Owners of America and Gun Owners Foundation regarding
      Aerial Surveillance Video

Dear Sirs:

We represent Gun Owners of America ("GOA") and Gun Owners Foundation ("GOF"), and submit this Freedom of Information Act ("FOIA") request on their behalf to the Federal Bureau of Investigation ("FBI").

GOA is a nonprofit social welfare organization exempt from federal income tax under section 501(c)(4) of the Internal Revenue Code.  GOA's tax-exempt mission and purposes include educating the public and conducting activities in defense of the Second Amendment and the right to keep and bear arms.  GOA's principal office is located at 8001 Forbes Place, Suite 202, Springfield, Virginia 22151.  (For further information on GOA, please see https://gunowners.org.)  GOF is a Virginia non-stock corporation, organized and operated as a non-profit legal defense and educational foundation that is exempt from federal income taxes under Section 501(c)(3) of the Internal Revenue Code.  GOF is supported by gun owners across the country.  (For further information on GOF, please see https://www.gunowners.com/.)

During the trial of Kyle Rittenhouse, the prosecution introduced aerial surveillance video purported to be from the FBI, taken on August 25, 2020.[1]  FBI Technician Brandon Cramin testified "he was in an airplane 8,500 feet above downtown Kenosha on Aug. 25, 2020 taking video with a special infrared camera."[2]  Some portions of the video were then displayed during

_____

[1] *See* https://edition.cnn.com/2021/11/03/us/kyle-rittenhouse-trial/index.html.

[2] *See*
https://eu.jsonline.com/story/news/2021/11/03/fbi-withholding-aerial-footage-kyle-rittenhouse-de

2

the trial.  Based on the disclosure of the FBI's footage, it is likely that other video footage exists. Given that the FBI aerially surveilled the Kenosha riots, it is also likely that there would be aerial footage of other significant events as further detailed below.

### Record Request

We hereby seek the following records:

(a)     All video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the Kenosha, Wisconsin riots beginning on August 23, 2020 and specifically including video captured, recorded or taken on August 25, 2020.

(b)     All video or records of other surveillance (including but not limited to audio recordings, photographs, records showing interception of phone calls, text messages, internet traffic or other cellular data, or use of "stingrays") recorded or otherwise taken by the FBI (or any of its employees or contractors) at or near the location of the 2020 Virginia Citizens Defense League ("VCDL") Lobby Day, which took place on January 20, 2020 at the Virginia State Capitol in Richmond, Virginia.[3]

(c)     All video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the January 6, 2021 events at the United States Capitol.

If any of the information sought above is publicly available, please provide us with the location(s) of that information.

Please email the documents to wjo@mindspring.com, or mail them to the following address:

Robert J. Olson, Esquire
William J. Olson, P.C.
370 Maple Ave W., Suite 4
Vienna, VA 22180-5615

### Fee Waiver Request

We request that the search, review, and copying fees be waived as provided under section 5 U.S.C. § 552(a)(4)(A) and 28 CFR 16.10(k).  GOA and GOF are nonprofit organizations seeking the requested documents to educate the public on a matter of great public importance, by

---

fense-team/6261308001/

[3] https://en.wikipedia.org/wiki/2020_VCDL_Lobby_Day

3

releasing information that — in addition to contributing to public understanding on the workings of government — may have great effect on substantive policy discussions relating to the exercise of citizens' rights under the Second Amendment. GOA and GOF routinely publish the results of findings from documents they receive through FOIA requests, free-of-charge on their websites, in releases to members and supporters, and through dissemination of information to the news media.

The fees should be waived because release of the requested documents is in the public interest, and the requested information is likely to contribute significantly to public understanding of the operations or activities of the government. Additionally, the records sought by GOA and GOF are likely to contribute significantly to public understanding of the operations or activities of the government.

The release of the requested documents is not primarily for any commercial interest or purpose, including any commercial interest of GOA or GOF. GOA and GOF intend to disseminate to the general public, free of charge, any important information it obtains as a result of this request.

If our clients' waiver request is denied, we would appreciate an estimate of the costs involved in procuring any of the requested documents if such costs exceed $250. If the costs do not exceed $250, however, we do not need an estimate, and we will guarantee payment.

We request that the 20-day response time imposed by 5 U.S.C. § 552(a)(6)(A)(i) and 28 CFR 16.6(b) be adhered to strictly. We look forward to hearing from you within 20 business days.

Thank you for your prompt attention to this request.

Sincerely yours,

Robert J. Olson

RJO:ls

cc:   Gun Owners of America
      Gun Owners Foundation

Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 9, 2021

MR. ROBERT J. OLSON
WILLIAM J. OLSON, P.C.
SUITE 4
370 MAPLE AVENUE WEST
VIENNA, VA 22180-5615

FOIPA Request No.: 1511573-000
Subject: Video Recorded or Otherwise Taken By the
FBI During the Kenosha, Wisconsin Riots
(On or After August 23, 2020)

Dear Mr. Olson:

This responds to your Freedom of Information/Privacy Acts (FOIPA) request. Please see the paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

The FBI has completed its search for records responsive to your request. The material you requested is located in an investigative file which is exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A).  5 U.S.C. § 552(b)(7)(A) exempts from disclosure:

> records or information compiled for law enforcement purposes, but only
> to the extent that the production of such law enforcement records or
> information ... could reasonably be expected to interfere with
> enforcement proceedings...

The records responsive to your request are law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings.   Therefore, your request is being administratively closed.   For a further explanation of this exemption, see the enclosed Explanation of Exemptions.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals. **"Part 3"** includes general information about FBI records that you may find useful.  Also enclosed is our Explanation of Exemptions.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request Number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS). The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief,
Record/Information
  Dissemination Section
Information Management Division

Enclosure(s)

## FBI FOIPA Addendum

As referenced in our letter responding to your Freedom of Information/Privacy Acts (FOIPA) request, the FBI FOIPA Addendum provides information applicable to your request.   Part 1 of the Addendum includes standard responses that apply to all requests.   Part 2 includes standard responses that apply to requests for records about individuals to the extent your request seeks the listed information.   Part 3 includes general information about FBI records, searches, and programs.

### Part 1: The standard responses below apply to all requests:

(i)    **5 U.S.C. § 552(c).**   Congress excluded three categories of law enforcement and national security records from the requirements of the FOIPA [5 U.S.C. § 552(c)].   FBI responses are limited to those records subject to the requirements of the FOIPA.   Additional information about the FBI and the FOIPA can be found on the www.fbi.gov/foia website.

(ii)    **Intelligence Records**.   To the extent your request seeks records of intelligence sources, methods, or activities, the FBI can neither confirm nor deny the existence of records pursuant to FOIA exemptions (b)(1), (b)(3), and as applicable to requests for records about individuals, PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(1), (b)(3), and (j)(2)].   The mere acknowledgment of the existence or nonexistence of such records is itself a classified fact protected by FOIA exemption (b)(1) and/or would reveal intelligence sources, methods, or activities protected by exemption (b)(3) [50 USC § 3024(i)(1)].   This is a standard response and should not be read to indicate that any such records do or do not exist.

### Part 2: The standard responses below apply to all requests for records on individuals:

(i)    **Requests for Records about any Individual—Watch Lists.**   The FBI can neither confirm nor deny the existence of any individual's name on a watch list pursuant to FOIA exemption (b)(7)(E) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)].   This is a standard response and should not be read to indicate that watch list records do or do not exist.

(ii)    **Requests for Records about any Individual—Witness Security Program Records.**   The FBI can neither confirm nor deny the existence of records which could identify any participant in the Witness Security Program pursuant to FOIA exemption (b)(3) and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(3), 18 U.S.C. 3521, and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

(iii)   **Requests for Records for Incarcerated Individuals.**   The FBI can neither confirm nor deny the existence of records which could reasonably be expected to endanger the life or physical safety of any incarcerated individual pursuant to FOIA exemptions (b)(7)(E), (b)(7)(F), and PA exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (b)(7)(F), and (j)(2)].   This is a standard response and should not be read to indicate that such records do or do not exist.

### Part 3: General Information:

(i)    **Record Searches.**   The Record/Information Dissemination Section (RIDS) searches for reasonably described records by searching systems or locations where responsive records would reasonably be found.   A standard search normally consists of a search for main files in the Central Records System (CRS), an extensive system of records consisting of applicant, investigative, intelligence, personnel, administrative, and general files compiled by the FBI per its law enforcement, intelligence, and administrative functions.   The CRS spans the entire FBI organization, comprising records of FBI Headquarters, FBI Field Offices, and FBI Legal Attaché Offices (Legats) worldwide; Electronic Surveillance (ELSUR) records are included in the CRS.   Unless specifically requested, a standard search does not include references, administrative records of previous FOIPA requests, or civil litigation files.   For additional information about our record searches, visit www.fbi.gov/services/information-management/foipa/requesting-fbi-records.

(ii)    **FBI Records.**   Founded in 1908, the FBI carries out a dual law enforcement and national security mission.   As part of this dual mission, the FBI creates and maintains records on various subjects; however, the FBI does not maintain records on every person, subject, or entity.

(iii)   **Requests for Criminal History Records or Rap Sheets.**   The Criminal Justice Information Services (CJIS) Division provides Identity History Summary Checks – often referred to as a criminal history record or rap sheet.   These criminal history records are not the same as material in an investigative "FBI file."   An Identity History Summary Check is a listing of information taken from fingerprint cards and documents submitted to the FBI in connection with arrests, federal employment, naturalization, or military service.   For a fee, individuals can request a copy of their Identity History Summary Check.   Forms and directions can be accessed at www.fbi.gov/about-us/cjis/identity-history-summary-checks.   Additionally, requests can be submitted electronically at www.edo.cjis.gov.   For additional information, please contact CJIS directly at (304) 625-5590.

(iv)   **National Name Check Program (NNCP).**   The mission of NNCP is to analyze and report information in response to name check requests received from federal agencies, for the purpose of protecting the United States from foreign and domestic threats to national security.   Please be advised that this is a service provided to other federal agencies.   Private Citizens cannot request a name check.

## EXPLANATION OF EXEMPTIONS

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)   (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2)   related solely to the internal personnel rules and practices of an agency;

(b)(3)   specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4)   trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5)   inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6)   personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7)   records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication. ( C ) could reasonably be expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8)   contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9)   geological and geophysical information and data, including maps, concerning wells.

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5)   information compiled in reasonable anticipation of a civil action proceeding;

(j)(2)   material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1)   information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2)   investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3)   material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4)   required by statute to be maintained and used solely as statistical records;

(k)(5)   investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6)   testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7)   material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

Exhibit C

WILLIAM J. OLSON, P.C.

ATTORNEYS AT LAW

370 MAPLE AVENUE WEST, SUITE 4

VIENNA, VIRGINIA 22180-5615

WILLIAM J. OLSON
(VA, D.C.)

ROBERT J. OLSON
(VA, D.C.)

JEREMIAH L. MORGAN
(D.C., CA ONLY)

⎯⎯⎯⎯⎯⎯⎯

HERBERT W. TITUS
(1937-2021)

TELEPHONE (703) 356-5070

FAX (703) 356-5085

E-MAIL: wjo@mindspring.com

http://www.lawandfreedom.com

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

December 22, 2021
via US Postal Service

FREEDOM OF INFORMATION ACT APPEAL
Director, Office of Information Policy
United States Department of Justice
441 G Street, NW 6th Floor
Washington, DC  20530

> Re:   FREEDOM OF INFORMATION ACT (FOIA) APPEAL
>       FOIPA Request No. 1511573-000

Dear Sirs:

We are in receipt of the Federal Bureau of Investigation's denial, dated December 9, 2021, of Gun Owners of America and Gun Owners Foundation's FOIA request regarding "All video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the Kenosha, Wisconsin riots beginning on August 23, 2020 and specifically including video captured, recorded or taken on August 25, 2020." The FBI's position is that these records are "exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(A)." The FBI claims that these records are "law enforcement records; there is a pending or prospective law enforcement proceeding relevant to these responsive records, and release of the information could reasonably be expected to interfere with enforcement proceedings."

The FBI's assertion of Exemption (b)(7)(A) is likely misplaced, as some of the video taken by the FBI already has been shown during the trial of Kyle Rittenhouse. The prosecution introduced aerial surveillance video, purported to be from the FBI, taken on August 25, 2020.[1] Moreover, FBI Technician Brandon Cramin testified "he was in an airplane 8,500 feet above downtown Kenosha on Aug. 25, 2020 taking video with a special infrared camera."[2] Assuming *arguendo* that the FBI's (b)(7)(A) exemption applies, *at a minimum* it can no longer apply to video that has already been shown during a publicly televised trial, and the FBI should immediately provide to us all videos or other records responsive to the FOIA request that was

---

[1] *See* https://edition.cnn.com/2021/11/03/us/kyle-rittenhouse-trial/index.html.

[2] *See* https://eu.jsonline.com/story/news/2021/11/03/fbi-withholding-aerial-footage-kyle-rittenhouse-defense-team/6261308001/.

2

shown, introduced as evidence in the trial, or otherwise already demonstrated in a publicly televised trial.  *See Elec. Privacy Info. Ctr. v. DOJ Criminal Div.*, 82 F. Supp. 3d 307, 320 (D.D.C. 2015) ("To the extent that Plaintiff seeks those already-made public documents, the Court is persuaded that their release will not interfere with a law enforcement proceeding and orders that Defendants turn those documents over.").

The "applicability of Exemption 7(A) involves a two-step analysis: (1) whether a law enforcement proceeding is pending or prospective; and (2) whether release of information about it could reasonably be expected to cause some articulable harm."  *Kay v. FCC*, 976 F. Supp. 23, 37 (D.C. Cir. 1997).  This prosecution must be "reasonably foreseeable," not just a theoretical possibility.  *Id.* at 38.  Moreover, the agency must show "either the government's case in court could be harmed or the investigation for an imminent proceeding may be harmed," and may not withhold records "merely because they are related to an enforcement proceeding," but instead must explain how disclosure would "reveal the scope, direction and nature of the its [sic] investigation."  *Id.*  Yet in this case, it is already public knowledge that the FBI had assets in Kenosha, Wisconsin, and that it recorded video (including thermal from an aircraft) of events.  Providing such footage would not appear to in any way "reveal the scope, direction and nature of" any purported FBI investigation.

Further, as you know, FOIA Exemption (b)(7)(A) applies "only to records for an active or pending law enforcement proceeding and does not serve to "endlessly protect material simply because it was in an investigatory file."  *Fedders Corp. v. Fed. Trade Com.*, 494 F. Supp. 325, 328 n.4. (S.D.N.Y. 1980) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. at 230, 98 S. Ct. at 2321).  "The D.C. Circuit has established that 'Exemption 7(A) is temporal in nature.' … For the exemption to apply, a 'proceeding must remain pending at the time of [the court's] decision, not only at the time of the initial FOIA request.' … Thus, records created at the time of an ongoing investigation are not automatically shielded from disclosure under 7(A). Rather, the documents must remain pertinent to 'concrete prospective law enforcement proceeding' at the time of the court's decision… Vague mentions of ongoing proceedings are not enough to support Exemption 7(A)."  *Majuc v. United States DOJ*, No. 1:18-cv-00566 (APM), 2019 U.S. Dist. LEXIS 156361, at *6 (D.D.C. Sep. 13, 2019) (citations omitted).

The FBI's assertion that "there is a pending or prospective law enforcement proceeding relevant to these responsive records[]" appears dubious and is of the vague nature, for reasons similar to those discussed in *Majuc*, supra.  Mr. Rittenhouse's trial is over, he has not been charged with any federal crime, nor does there appear to be any other individuals who have been federally charged based on the events in Kenosha in August of 2020.  *See North v. Walsh*, 881 F.2d 1088, 1100, 279 U.S. App. D.C. 373 (D.C. Cir. 1989) ("Disclosure of the information [the requester] seeks cannot interfere with parts of the enforcement proceeding already concluded.).  We therefore require a law enforcement agency invoking the exception to show that the material withheld 'relates to a concrete prospective law enforcement

3

proceeding.'" *Citizens for Responsibility & Ethics in Wash. v. United States DOJ*, 409 U.S. App. D.C. 113, 128, 746 F.3d 1082, 1097 (2014).

For the reasons above, we would again request that our clients' FOIA request be fulfilled, and that the requested materials be produced to us immediately.  Thank you for your prompt attention to this appeal.

Sincerely yours,

Robert J. Olson

RJO:ls

cc:    Gun Owners of America
       Gun Owners Foundation

Exhibit D



**U.S. Department of Justice**

Office of Information Policy

*Sixth Floor*

*441 G Street, NW*

*Washington, DC 20530-0001*

*Telephone: (202) 514-3642*

April 25, 2022

William Olson, Esq.
Suite 4
370 Maple Avenue West                    Re:    Appeal No. A-2022-00607
Vienna, VA  22180-5615                             Request No. 1511573
wjo@mindspring.com                                 DRC:PJA

**VIA: Email**

Dear William Olson:

You appealed on behalf of your clients, Gun Owners of America and Gun Owners
Foundation, from the action of the Federal Bureau of Investigation on their Freedom of
Information Act (FOIA) request for access to records concerning any video footage take during
the Kenosha, Wisconsin riots beginning on August 23, 2020 and specifically video captured,
recorded or taken on August 25, 2020.  I note that your appeal concerns the FBI's decision to
withhold this information in full under FOIA Exemption 7A.

After carefully considering your appeal, and as a result of discussions between FBI
personnel and this Office, I am remanding your client's request to the FBI for further
processing.  If the FBI determines that records are releasable, it will send them to you directly,
subject to any applicable fees.  You may appeal any future adverse determination made by the
FBI.  If you would like to inquire about the status of this remanded request or to receive an
estimated date of completion, please contact the FBI directly at (540) 868-1535.

If you have any questions regarding the action this Office has taken on your appeal, you
may contact this Office's FOIA Public Liaison for your appeal.  Specifically, you may speak
with the undersigned agency official by calling (202) 514-3642.

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a
lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

X /s/ Daniel Castellano
_____

Daniel Castellano,
Associate Attorney, for
Matthew Hurd
Chief, Administrative Appeals Staff

Exhibit E



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

July 20, 2022

MR. ROBERT J. OLSON
GUN OWNERS OF AMERICA, INC. AND GUN OWNERS FOUNDATION
SUITE 4
370 MAPLE AVENUE WEST
VIENNA, VA 22180-5615

> FOIPA Request No.: 1511573-000
> Subject: Video Recorded or Otherwise Taken
> By the FBI During the Kenosha, Wisconsin
> Riots (On or After August 23, 2020)

Dear Mr. Olson:

This is in reference to your Freedom of Information/Privacy Acts (FOIPA) request.  Please see the selected paragraphs below for relevant information specific to your request as well as the enclosed FBI FOIPA Addendum for standard responses applicable to all requests.

By letter dated November 29, 2021, you indicated your willingness to pay $250.00 in FOIPA processing fees. The Federal Bureau of Investigation (FBI) has located records subject to the FOIPA that are potentially responsive to the subject of your request. By DOJ regulation, the FBI notifies requesters when anticipated fees exceed $25.00. Please be advised that you are entitled to the first 100 pages free of charge. If the release is made on a Compact Disc (CD) or through the FBI's eFOIPA system, you will receive the cost equivalent ($5.00) as a credit.

Based upon the FBI's standard release practices and/or release format preferences indicated within your request letter, material responsive to your request will be provided to you through:

- ☐ The eFOIPA system

- ☑ CD release(s)

- ☐ Paper release(s)

Please reference the information below that may be specific to your request. Only checked boxes contain information relevant to your request.

- ☑ The FBI's eFOIPA system cannot transmit digital media files, and they will need to be released on CD. The FBI located audio and video files that are potentially responsive to the subject of your request. If all of the potentially responsive media is released, it is estimated that you will owe $1,075.00 (72 CDs at $15.00 each, less $5.00 credit for the first CD). The estimated number of CDs is based off of our business practice of processing media associated with complex cases in interim monthly releases, and is not synonymous with the number of potentially responsive digital media files.

- ☐ It is estimated that you will owe $_____ in international shipping fees.

**The estimated total cost for processing your request is $1,075.00 for CD/eFOIPA release(s) or $0.00 for paper release(s).**

Please remember this is only an estimate, some of the information may be withheld in full pursuant to FOIA/Privacy Act exemptions.  Also, some information may not be responsive to your subject.  Thus, the actual charges could be less.

<div style="border:1px solid #000; padding:10px;">

**Requester Response**

**No payment is required at this time.** If you wish to change the requested format of your release(s), you must notify us in writing within thirty (30) days from the date of this letter.  If your request is eligible and consistent with the FBI eFOIPA terms of service, it will automatically be selected as your preferred format.

I am requesting my release format be changed to the following:

☐   CD format

☐   Paper format

**You must also indicate your preference regarding the estimated duplication fees from the following four (4) options:**

☐   I am willing to pay estimated duplication/ international shipping fees up to the amount specified in this letter.

☐   I am willing to pay fees of a different amount.

   **Please specify amount:**   _____

☐   Provide me 100 pages or the cost equivalent ($5.00) free of charge.   If applicable, I am willing to pay international shipping fees.

☐   Cancel my request.

**Include the FOIPA Request Number listed above in any communication regarding this matter.**

</div>

You have the opportunity to reduce the scope of your request; this will accelerate the process and could potentially place your request in a quicker processing queue.   This may also reduce search and duplication costs and allow for a more timely receipt of your information.   The FBI uses a multi-queue processing system to fairly assign and process new requests.   Simple request queue cases (50 pages or less) usually require the least time to process.

Please refer to the enclosed FBI FOIPA Addendum for additional standard responses applicable to your request.   **"Part 1"** of the Addendum includes standard responses that apply to all requests.   **"Part 2"** includes additional standard responses that apply to all requests for records about yourself or any third party individuals.   **"Part 3"** includes general information about FBI records that you may find useful.   Also enclosed is our Explanation of Exemptions.

Please advise in writing if you would like to discuss reducing the scope of your request and your willingness to pay the estimated search and duplication costs indicated above.   Provide a telephone number, if one is available, where you can be reached between 8:00 a.m. and 5:00 p.m., Eastern Standard Time.   Mail your response to: **Initial Processing Operations Unit; Record/Information Dissemination Section; Information Management Division; Federal Bureau of Investigation; 200 Constitution Drive; Winchester, VA 22602**.   You may also fax your response to: 540-868-4997, Attention: Initial Processing Operations Unit.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us."   The FOIPA Request number listed above has been assigned to your request.   Please use this number in all correspondence concerning your request.

If you are not satisfied with the Federal Bureau of Investigation's determination in response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, 441 G Street, NW, 6th Floor, Washington, D.C. 20530, or you may submit an appeal through OIP's FOIA STAR portal by creating an account following the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-or-appeal.   Your appeal must be postmarked or electronically transmitted within ninety (90) days of the date of my response to your request.   If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."   Please cite the FOIPA Request Number assigned to your request so it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS).  The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road-OGIS, College Park, Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.  Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@fbi.gov.  If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services."  Please also cite the FOIPA Request Number assigned to your request so it may be easily identified.

Sincerely,

Michael G. Seidel
Section Chief
Record/Information
  Dissemination Section
Information Management Division

Exhibit F

WILLIAM J. OLSON, P.C.
ATTORNEYS AT LAW
370 MAPLE AVENUE WEST, SUITE 4
VIENNA, VIRGINIA 22180-5615

WILLIAM J. OLSON
(VA, D.C.)

ROBERT J. OLSON
(VA, D.C.)

JEREMIAH L. MORGAN
(D.C., CA ONLY)

————————
HERBERT W. TITUS
(1937-2021)

TELEPHONE (703) 356-5070
FAX (703) 356-5085
E-MAIL: wjo@mindspring.com
http://www.lawandfreedom.com

114 CREEKSIDE LANE
WINCHESTER, VA  22602-2429
TELEPHONE (540) 450-8777
FAX (540) 450-8771

August 1, 2022
via FOIA STAR

FREEDOM OF INFORMATION ACT APPEAL
Director, Office of Information Policy
United States Department of Justice
441 G Street, NW 6th Floor
Washington, DC 20530

Re:    FREEDOM OF INFORMATION ACT (FOIA) APPEAL
       FOIPA Request No. 1511573-000

Dear Director:

        We are in receipt of the Federal Bureau Investigation's denial of our clients Gun Owners of America, Inc. ("GOA") and Gun Owners Foundation's ("GOF") request for a fee waiver with respect to their FOIA request regarding "[a]ll video recorded or otherwise taken by the FBI (or any of its employees or contractors) during the Kenosha, Wisconsin riots beginning on August 23, 2020 and specifically including video captured, recorded or taken on August 25, 2020."

        In a July 15, 2022 letter — after the previous appeal *overturning* the FBI's previous denial to produce the requested information — the FBI now claims that our clients "failed to demonstrate that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government."  Then, by later dated July 20, 2022, the FBI sent our clients a notification that it estimates the "total cost for processing [the] request is $1,075.00 for CD/eFOIPA release(s)" and that it would take approximately 72 CDs at "$15.00 each" to produce the requested information. We appeal each of these decisions, in turn.

        First, we disagree that the requested information is not "in the public interest" and "likely to contribute significantly to public understanding of the operations and activities of the government."  Pursuant to 28 CFR 16.10(k)(2), "[a] component must furnish records responsive to a request without charge or at a reduced rate when it determines, based on all available information, that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the

government and is not primarily in the commercial interest of the requester."  Because the FBI did not claim that the "commercial interest" prong is at issue, we will not belabor that point.[1]

As to the remainder, 28 CFR 16.10(k)(2)(i)-(ii) mandate the factors the FBI is to consider when weighing a fee waiver request.  Specifically, these provisions state:

> (i) Disclosure of the requested information would shed light on the operations or activities of the government. The subject of the request must concern identifiable operations or activities of the Federal Government with a connection that is direct and clear, not remote or attenuated.
> (ii) Disclosure of the requested information would be likely to contribute significantly to public understanding of those operations or activities. This factor is satisfied when the following criteria are met:
>> (A) Disclosure of the requested records must be meaningfully informative about government operations or activities. The disclosure of information that already is in the public domain, in either the same or a substantially identical form, would not be meaningfully informative if nothing new would be added to the public's understanding.
>> (B) The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area as well as the requester's ability and intention to effectively convey information to the public must be considered. Components will presume that a representative of the news media will satisfy this consideration.

As explained in our clients' previous appeal, the requested information was utilized (at least in part) during the trial of Kyle Rittenhouse.  The prosecution introduced aerial surveillance video purported to be from the FBI, taken on August 25, 2020.[2]  FBI Technician Brandon Cramin testified "he was in an airplane 8,500 feet above downtown Kenosha on Aug. 25, 2020 taking video with a special infrared camera."[3]  This easily satisfies the first prong because the activities

---

[1]  As you know, our clients' FOIA stated that they would "disseminate to the general public, free of charge, any important information it obtains as a result of this request."  *See also Bartko v. United States DOJ*, 438 U.S. App. D.C. 51, 76, 898 F.3d 51, 76 (2018) ("Bartko, for his part, is sharing the information with an interested public. Since there is no claim that Bartko has a commercial interest in the documents, and the material is in the public's interest, he qualified for a fee waiver.")

[2] See https://cnn.it/3Q1CX5n.

[3] See https://bit.ly/3cO67GB.

3

and operations regarding which records are being sought concern "direct and clear" activities of the government (the FBI).

That these activities are in the public interest seems self-evident. Indeed, the fact that the FBI is conducting aerial surveillance (presumably warrantless) of American citizens on American soil is *substantially* in the public interest and would absolutely "shed light on the operations or activities of the government." The fact that the FBI's surveillance was utilized by state officials to target a law-abiding gun owner, engaged in self-defense, for prosecution makes this matter of clear interest to gun owners nationwide.

The trial of Kyle Rittenhouse generated massive public interest, with every major news outlet covering the events leading up to the trial, the trial itself, and the aftermath.[4] A Google search of "Kyle Rittenhouse Trial" generates 1,090,000 results. Likewise, the fact that the FBI is utilizing drones or manned aircraft as a part of a "widespread surveillance" of protests generates substantial public interest as well. *See* https://bit.ly/3oBkQYh ("The FBI surveillance plane that captured footage of the night Kyle Rittenhouse shot three people during a protest against police brutality in Kenosha, Wisconsin, last year was part of a wider government strategy to keep tabs on demonstrations against racial injustice."). *See also* https://fxn.ws/3Jcrs8R ("GOP Sen. Ron Johnson demands details from FBI on use of aerial surveillance at protests").

In short, the FBI can hardly claim that records regarding its surveillance activities in Kenosha, Wisconsin are not in the public interest when those very activities *already have generated* massive interest on the part of the general public, the news media, and elected officials. Moreover, disclosure of the requested information would contribute to the public's understanding of the FBI's operations against a broad swath of society, being surveilled for the lawful (and constitutionally protected) activity of protesting or assembling.

Finally, our clients are experienced in transmitting and conveying information to the general public.[5] *See* https://bit.ly/3zEGFMN; *See also* https://bit.ly/3S1kkQK. Indeed, GOA and GOF are clearly members of the "news media," as they routinely themselves disseminate information provided by federal and state agencies in response to FOIA requests, including on a

---

[4]*See* https://bit.ly/3OFlWgb. ("Fox News saw +12% in total primetime viewers, +22% in the primetime demo, +10% in total day viewers and +18% in the total day demo from Oct. 2021. The network's impressive ratings growth from October, especially among younger news viewers, was driven by the network's highly-rated live coverage of the Kyle Rittenhouse murder trial.")

[5]  "In assessing whether a public interest fee waiver request should be granted, the Court must consider the requester's ability and intention to effectively convey or disseminate the requested information to the public . . . . In doing so, courts must look to the scope of the requester's proposed dissemination - whether to a large segment of the public or a limited subset of persons[.]" *Monroe-Bey v. FBI*, 890 F. Supp. 2d 92, 98 (D.D.C. 2012).

4

YouTube channel,[6] social media platforms such as Facebook, the organizations' websites, e-mail alerts, etc.  In addition to GOA/GOF's own work, numerous news outlets have covered our clients' FOIA work on other matters.[7]  The stories generated by our clients' FOIA work has been viewed, read, and listened to by millions (if not tens of millions).  In other words, our clients have not sought a limited release to a "limited subset of persons" (*id.*), but instead a release to the "general public." As such, our clients satisfy all criteria for a fee waiver, and thus, the FBI's decision to deny them a fee waiver should be overturned.

Second, even if you disagree with the public interest analysis above, the FBI's fee demand of $1075.00 is unreasonable.  The FBI's request that our clients pay over $1,000 for the FBI to produce the requested information piecemeal ***on 72 compact discs*** — in 2022 — is bizarre.  Indeed, all other federal departments and agencies with which we have worked — State, DOJ, ATF, DEA, CDC, USSS, *etc.* — produce FOIA responses (i) by e-mail transmittal, (ii) online utilizing a government www.box.com account, (iii) via paper (which does not apply to the video/audio here) or (iv) through the mail by copying records onto a "flash drive" for transmittal.  Even a large flash drive — which would far exceed the data capacity of 72 compact discs — costs less than $50,[8] and would require far less work by the agency to transmit the records.  There is no justification for the agency's intransigence regarding technological advancement, and there is no justification for the FBI's demands that our clients pay more than $1,000 to satisfy its idiosyncratic FOIA process.  Thus, in the alternative, we request that the FBI's fee demand in this case be waived.

Thank you for your prompt attention to this appeal.

Sincerely yours,

Robert J. Olson

RJO:sds

cc:    Gun Owners of America
       Gun Owners Foundation

---

[6]  https://bit.ly/3oGs79h.

[7]  https://bit.ly/3OJXvOH; https://bit.ly/3BJW4gz; https://bit.ly/3bk4110; etc.

[8]  https://amzn.to/3Q7C0bO.

## Appeal Information

| Received Date | 08/01/2022 | Agency |  |
|---|---|---|---|
|  |  | Document Delivery Method | OIP |
|  |  |  | Email |

### Request Information

| Request Number | 1511573-000 |
|---|---|
| Component | FBI |

### Basis for Appeal

| Description of Appeal | See attached. |
|---|---|
| Based on Denial of Fee Waiver | Yes |
| Based on Denial of Expedited Processing | No |
| Requester Item Type 1 | Supplemental Information |
| Requester Items 1 | Kenosha Fee Waiver Appeal FINAL.pdf |
| Requester Item Type 2 |  |
| Requester Items 2 |  |
| Requester Item Type 3 |  |
| Requester Items 3 |  |

### Requester Contact Information

Exhibit G

-------- Forwarded Message --------
**Subject:**FOIA request 1511573 / Video Recorded or taken by FBI during Kenosha Riots
  **Date:**Tue, 18 Oct 2022 14:57:29 +0000
 **From:**FBI.FOIPA.NEGOTIATION@FBI.GOV <FBI.FOIPA.NEGOTIATION@FBI.GOV>
    **To:**wjo@mindspring.com <wjo@mindspring.com>


Good morning Mr. Olson,


We're contacting you in reference to the FOIPA request number included in the subject line of this email.   The FBI located approximately 17 hours and 47 minutes of video media potentially responsive to your request.  In your request, you agreed to pay $250.00 for processing.  For clarification video media releases are made in 15-minute increments per CD (1 release).


Requests are processed in the order in which they are received through our multi-track processing system:

      Small track requests (no media releases/only 0-50 pages) current average time is approximately 3 months to complete;

      Medium track requests (up to 2 releases/media) current average time is approximately 32 months to complete;

      Large track requests (3-16 releases/media) current average time is approximately 67 months to complete; and

      Extra-large track requests (17+ releases/media) current average time is approximately 79 months to complete.


The current average time to complete your extra-large track request is at least 79 months. Reducing the scope of your request may accelerate the processing, allow for a timelier receipt of the information you seek, and reduce the duplication costs, if applicable.  Would you be willing to consider reducing the scope of your request to place it in a smaller, potentially faster processing track?


Please let us know if this is something you would be interested in further discussing. If you chose to narrow the scope of your request, you will be able to request remaining material via a new FOIPA request submission at the completion of this request, subject to applicable fees.


Best regards,

Negotiation Team

Federal Bureau of Investigation

Fbi.foipa.negotiation@fbi.gov

Status Checks: https://vault.fbi.gov/fdps-1/@@search-fdps | foipaquestions@fbi.gov

For additional information, please visit the www.fbi.gov/foia website.

