UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil Action No. 22-3379 (JEB) |

## ANSWER

Defendant, the Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, hereby answers Plaintiffs' November 3, 2022, Complaint (ECF No. 1). Defendant denies each and every allegation contained in the Complaint except as may have been expressly admitted herein.

### JURISDICTION AND VENUE[1]

1. This paragraph sets forth Plaintiffs' statement of jurisdiction to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has subject matter jurisdiction subject to the terms and limitations of the Freedom of Information Act ("FOIA").

2. This paragraph sets forth Plaintiffs' statement of venue to which no response is required. To the extent a response is deemed required, Defendant admits that this District is a proper venue for this action.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## PARTIES

3. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

4. Defendant lacks information sufficient to form a belief as to the truth of the allegations in this paragraph.

5. Defendant admits that the FBI is a component of the Department of Justice, and is headquartered at 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535-0001. Denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f) but avers that as a component of the Department of Justice, a federal agency, the FBI is subject to the FOIA. The third sentence of paragraph 5 contains legal conclusions to which no response is required.

## STATEMENT OF FACTS

6. Defendant admits that Plaintiffs submitted a FOIA request via the FBI eFOIPA portal dated November 29, 2021, which is appended as Exhibit A to Plaintiffs' Complaint.

7. Defendant admits that Plaintiffs submitted a FOIA request via the FBI eFOIPA portal dated November 29, 2021, which is appended as Exhibit A to Plaintiffs' Complaint. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith and any remaining allegations in this paragraph.

8. Defendant admits that Defendant responded with respect to part (b) of Plaintiffs' request by letter dated December 9, 2021. Defendant respectfully refers the Court to the request for a full and accurate statement of its contents and denies any allegations inconsistent therewith and any remaining allegations in this paragraph.

9. Defendant admits that, via letter dated December 9, 2021, Defendant administratively closed Plaintiffs' Freedom of Information/Privacy Acts ("FOIPA") Request Number 1511573-000 and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

10. Defendant admits that, via letter dated December 9, 2021, Defendant acknowledged receipt of Plaintiffs' request and assigned FOIPA Request Number 1511605-000 to part (c) of Plaintiffs' request. Defendant further admits that, via letter dated June 28, 2022, Defendant informed Plaintiffs that it had found no records subject to the FOIPA responsive to FOIPA Request Number 1511605-000 and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

11. Defendant admits that Plaintiffs appealed the denial of part (a) of their request by letter dated December 22, 2021. Defendant respectfully refers the Court to the letter for a full and accurate statement of its contents.

12. Defendant admits that, via letter dated April 25, 2022, the Department of Justice, Office of Information Policy, remanded Plaintiffs' request to the FBI for further processing. Defendant respectfully refers the Court to the letter for a complete and accurate statement of its contents.

13. Defendant admits only that, via letter dated June 15, 2022, Defendant denied Plaintiffs' request for a fee waiver and that, via letter dated July 20, 2022, Defendant notified Plaintiffs that material responsive to Plaintiffs' request would be provided through CD releases. Defendant denies any other allegations in this paragraph and respectfully refers the Court to the letters for a complete and accurate statement of their contents.

14. Defendant admits that Plaintiffs filed an appeal and respectfully refers the Court to the appeal for a complete and accurate statement of its contents.

15. Defendant admits because the FBI does not consider or decide appeals under the FOIA.

16. Defendant admits only that it sent an email to Plaintiffs, dated October 18, 2022, and respectfully refers the Court to the email for a complete and accurate statement of its contents.

17. Paragraph 17 quotes from a federal regulation, to which no response is required. Defendant respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents.

18. Defendant admits only that Plaintiffs filed an appeal of Defendant's fee waiver determination and denies any remaining allegations.

19. Paragraph 19 contains conclusions of law to which no response is required.

20. Defendant denies the allegations in Paragraph 20.

21. Paragraph 21 contains Plaintiffs' characterizations of the processing of their FOIA request to which no response is required. To the extent a response is deemed to be required, Defendant denies the allegations asserted in this paragraph.

22. Paragraph 22 contains Plaintiffs' characterizations of their FOIA request to which no response is required, and Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted.

## CAUSE OF ACTION

### (Violation of FOIA, 5 U.S.C. § 552)

23. Defendant incorporates by reference its responses to Paragraphs 1 through 22 above.

24. Paragraph 24 contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Defendant denies.

25. This paragraph contains conclusions of law, to which no response is required. To the extent that a response is deemed necessary, Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

## PRAYER FOR RELIEF

The remainder of the Complaint is Plaintiffs' Prayer for Relief to which no answer is required. To the extent that an answer is deemed necessary, Defendant denies that Plaintiffs are entitled to the requested relief.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of the litigation.

1. Plaintiffs have not exhausted their administrative remedies with regard to part b and part c of their FOIA request (FOIPA Numbers 1511579-000 and 1511605-000, respectively).

2. Plaintiffs are not entitled to compel production of records exempt from disclosure under the FOIA.

3. Plaintiffs are neither eligible nor entitled to attorneys' fees or costs.

4. Any relief is limited to that provided for under 5 U.S.C. § 522(a)(4)(B).

Dated December 19, 2022     Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

*/s/ Sean Tepe*
SEAN M. TEPE, D.C. Bar #1001323
Assistant United States Attorney
United States Attorney's Office
601 D Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2533
Email:  sean.tepe@usdoj.gov

*Counsel for Defendant*