UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>Defendant. )<br>) | Civil Action No. 22-3379 (JEB) |

**JOINT STATUS REPORT**

Pursuant to the Court's June 5, 2023, Minute Order, Plaintiff and Defendant, Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, hereby provide the following joint status report.

1. This action under the Freedom of Information Act ("FOIA") was filed by Plaintiff on November 3, 2022. ECF No. 1. Plaintiff generally seeks video recordings taken by the FBI at three specific events in 2020 and 2021.

2. As noted in previous joint status reports, the FBI reported that it had confirmed with the requester its prior response that it was unable to identify records responsive to FOIPA request 1511579-000 and FOIPA request 1511605-000. Plaintiffs presently do not plan to challenge the FBI's searches in response to these two requests.

3. With respect to FOIPA request number 1511573-000, the responsive material consists of aerial surveillance video "during the Kenosha, Wisconsin riots" in August 2020. The FBI reports that there are over 32 hours of aerial surveillance video.

4.	Except for short portions of the video (less than two minutes in length) that were disclosed publicly at the trial of Kyle Rittenhouse, the FBI claims that the video is exempt from disclosure under Exemption 7(E) and potentially additional exemptions.

5.	On June 2, 2023, the FBI directed Plaintiff to a publicly available recording (on YouTube) of the trial, which shows the portions of video that were disclosed at trial.  Plaintiff has requested that the FBI produce the publicly available video itself, which the FBI intends to do.

6.	With respect to the non-publicly disclosed video, the FBI reports that if it were to process the video for purposes of identifying all potential FOIA exempt material, it would take years to complete.  This is because the FBI would, consistent with its normal practice, process a portion of the 32 hour video each month.[1]

7.	Given that the FBI believes Exemption 7(E) protects the non-public portions of the video in full, the parties believe that it would be most efficient to engage in bifurcated summary judgment briefing whereby the parties initially brief only the issue of the Exemption 7(E) withholdings.[2]  If Plaintiff prevails, then the FBI would process the video for additional FOIA exemptions.  If the FBI prevails, then the FBI will not have to process any footage other than the short portion of the video that was disclosed publicly at the trial of Kyle Rittenhouse.

8.	The FBI reports that, aside from Exemption 7(E), it has not presently identified any other FOIA exemption upon which it would later claim that the entire set of responsive records is exempt from production.

---

[1]	Plaintiffs do not agree that it would, or should, take the FBI years (11 years, by the FBI's estimation) to process 32 hours of video.
[2]	The Parties agree that processing will be on hold pending the Court's decision on the applicability of Exemption (b)(7)(E).

9. In accordance with this proposal, the parties propose the following briefing schedule:

   a. Defendant's summary judgment: October 6, 2023

   b. Plaintiff's opposition and cross-motion: November 6, 2023

   c. Defendant's summary judgment reply: December 6, 2023

   d. Plaintiff's cross-motion reply: December 20, 2023

10. A proposed order is enclosed.


Dated: July 6, 2023                          Respectfully submitted,

                                             MATTHEW M. GRAVES, D.C. Bar. #481052
                                             United States Attorney

                                             BRIAN P. HUDAK
                                             Chief, Civil Division

                                     By:     /s/ Sean M. Tepe
                                             SEAN M. TEPE, DC Bar #1001323
                                             Assistant United States Attorney
                                             601 D Street, N.W.
                                             Washington, D.C. 20530
                                             Phone: (202) 252-2533
                                             Email: sean.tepe@usdoj.gov


                                             /s/ Jeremiah L. Morgan
                                             (D.C. Bar No. 1012943)
                                             Robert J. Olson
                                             (D.C. Bar No. 1029318 )
                                             William J. Olson
                                             (D.C. Bar No. 233833)
                                             William J. Olson, P.C.
                                             370 Maple Avenue West, Suite 4
                                             Vienna, VA 22180-5615
                                             703-356-5070 (telephone)
                                             703-356-5085 (fax)
                                             jmorgan@lawandfreedom.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GUN OWNERS OF AMERICA, INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION, )<br>)<br>    Defendant. )<br>) | Civil Action No. 22-3379 (JEB) |

**[Proposed] ORDER**

Upon consideration of the parties' Joint Status Report, it is hereby **ORDERED** that the parties will brief summary judgment on the issue of withholdings under FOIA Exemption 7(E) in accordance with the following schedule:

a. Defendant's summary judgment: October 6, 2023

b. Plaintiff's opposition and cross-motion: November 6, 2023

c. Defendant's summary judgment reply: December 6, 2023

d. Plaintiff's cross-motion reply: December 20, 2023

It is also **ORDERED** that the FBI's obligation to further process non-public portions of the Kenosha, Wisconsin aerial surveillance videos is stayed pending a decision on summary judgment.

It is **SO ORDERED** this _____ day of _____, 2023.

_____
U.S. DISTRICT COURT JUDGE