UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ )<br>GUN OWNERS OF AMERICA, INC., )<br> )<br>   Plaintiff, )<br> )<br>   v. )<br> )<br>FEDERAL BUREAU OF INVESTIGATION, )<br> )<br>   Defendant. )<br>_____ ) | Civil Action No. 22-3379 (JEB) |

## JOINT MOTION UNDER RULE 59(e) OR, IN THE ALTERNATIVE, RULE 60(b)

Plaintiff, Gun Owners of America, Inc., and Defendant, Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, hereby jointly move to vacate the Court's January 18, 2024, Order (ECF No. 15) and Memorandum Opinion (ECF No. 16).

1.      Defendant filed its Motion for Summary Judgment on October 6, 2023.  ECF No. 13.

2.      On October 31, 2023, Plaintiff moved for an extension of its November 6, 2023, deadline to respond to Defendant's motion to December 21, 2023, because the parties were "discussing whether this matter may be resolved" without further litigation.  The Court granted that extension.  *See* Oct. 31, 2023, Min. Order.

3.      During that period, the parties resolved the instant action through a fully executed settlement agreement that released the claims in the instant suit.  *See* Ex. A (Settlement Agmt.).

4.      A Stipulation of Dismissal with prejudice under Federal Rule of Civil Procedure ("Rule") 41(a)(1)(A)(ii), pursuant to the November 16, 2023, agreement was drafted and executed, and Defendant stated that it would file the stipulation with the Court "tomorrow," which would have been November 17, 2023.  The stipulation, however, was not filed with the Court.

5.       Pursuant to Rule 59(e), a court may exercise its discretion to alter or amend a judgment, including vacating a final judgment, on the basis of an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (finding district court abused its discretion in refusing to vacate the original dismissal with prejudice).  In an analogous circumstance where the parties failed to notify a court of a settlement prior to judgment, another judge in this District vacated summary judgment against a plaintiff upon that plaintiff's Rule 59(e) motion because that plaintiff had entered into a settlement with "the effect of mooting [its] claims prior to the court's entry of judgment." *Amoco Prod. Co. v. Fry*, 908 F. Supp. 991, 997 (D.D.C. 1995), *rev'd on other grounds*, 118 F.3d 812 (1997); *see also Aulenback, Inc. v. Fed. Highway Admin.*, 103 F.3d 156, 161 (D.C. Cir. 1997) (explaining that "[c]omplete settlement" of claims "moots an action," which renders a court without jurisdiction under Article III).

6.       Likewise, under Rule 60(b), the Court can relieve Plaintiff of the Judgment entered against Plaintiff due to at least two reasons applicable here:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1)       mistake, inadvertence, surprise, or excusable neglect; . . .
>
> (6)       any other reason that justifies relief.

7.       Pursuant to Rule 60, excusable neglect is understood to encompass both "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (ruling attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute excusable neglect).

2

8.      In determining excusable neglect, a court evaluates various factors, including the "danger of prejudice to the [litigant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

9.      Here, Plaintiff contends that the prejudice to it is real: an opinion establishing legal precedent and a judgment was issued against Plaintiff in a FOIA case after it had been settled, and thus without opposition.  Indeed, Plaintiff did not file a response to Defendant's Motion for Summary Judgment because of the settlement and on the representation that the stipulation of dismissal would be filed "tomorrow."

10.     As for the "length of the delay and its potential impact on the judicial proceedings," at earliest, the stipulation of dismissal should have been filed on November 17, 2023.  That is a little over two months and, had it been filed, would have necessitated no further involvement of this Court, other than to terminate proceedings.

11.     As to the reason for delay, Defendant contends that, although Government's counsel indicated that he would file the parties' Stipulation of Dismissal, that did not happen due to the press of other matters.  Counsel was in the midst of transferring the bulk of his defensive docket to new attorneys and onboarding a new docket of affirmative civil enforcement matters. Plaintiff's counsel also did not follow up to ensure that the suit Plaintiff initiated and settled was dismissed.  Lastly, contrary to Plaintiff's suggestion, the Court's opinion while persuasive is not precedential.

12.     And finally, there is no claim of "bad faith" here.  The Stipulation of Dismissal was simply not filed through inadvertence.

13.     Respectfully, the Parties request that the Court vacate the January 18, 2024,

3

summary judgment ruling and docket the enclosed Stipulation of Dismissal at Ex. B, terminating

this action.

       14.     A proposed order is enclosed.


Respectfully submitted,

| | |
|---|---|
|   */s/ Jeremiah L. Morgan* | MATTHEW M. GRAVES, D.C. Bar. #481052 |
| Jeremiah L. Morgan | United States Attorney |
| (D.C. Bar No. 1012943) | |
| Robert J. Olson | BRIAN P. HUDAK |
| (D.C. Bar No. 1029318) | Chief, Civil Division |
| William J. Olson, P.C. | |
| 370 Maple Avenue West, Suite 4 |       */s/ Sean M. Tepe* |
| Vienna, VA 22180-5615 | SEAN M. TEPE, DC Bar #1001323 |
| 703-356-5070 (telephone) | Assistant United States Attorney |
| 703-356-5085 (fax) | 601 D Street, N.W. |
| jmorgan@lawandfreedom.com | Washington, D.C. 20530 |
| | (202) 252-2533 |
| *Attorneys for Plaintiff* | sean.tepe@usdoj.gov |
| | |
| | *Attorneys for the United States of America* |


Dated:  January 30, 2024

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

GUN OWNERS OF AMERICA, INC.,                )
                                            )
        Plaintiff,                          )
                                            )
        v.                                  )          Civil Action No. 22-3379 (JEB)
                                            )
FEDERAL BUREAU OF INVESTIGATION,            )
                                            )
        Defendant.                          )
_____    )

## [PROPOSED] ORDER

UPON CONSIDERATION of the parties' Joint Rule 59(e), or in the Alternative, Rule 60(b) Motion, and the entire record herein, it is hereby

ORDERED that the parties' joint motion is GRANTED;

ORDERED that the Court's January 18, 2024, Order (ECF No. 15) and Memorandum Opinion (ECF No. 16) are VACATED;

ORDERED that the Clerk of the Court shall docket the Stipulation of Dismissal attached to the parties' Motion as Ex. B; and it is further

ORDERED that this case is closed.


It is SO ORDERED this _____ day of _____, 2024.


                                    _____
                                    U.S. DISTRICT COURT JUDGE